## BALDWIN *v.* HAYNES.[1]

### (*Circuit Court, D. Massachusetts.* July 9, 1886.)

1. PATENTS FOR INVENTIONS—COMBINATION OF OLD DEVICES—INVENTION.
   Mangles having a large feed-roll, surrounded by small polishing rolls, having differential speed, being old, and mangles employing the large roll as a polishing roll, and small ones as feed rolls, the latter having the same rate of speed, being also old, there was no invention in combining in a mangle a large roll for polishing, and small feed-rolls having differential speed.
2. SAME—PARTICULAR PATENTS.
   Letters patent No. 253,661, of February 14, 1882, to Joseph F. Baldwin, for an improvement in mangles, are void for want of invention in the making of the device therein described.

In Equity.
*Livermore & Fish* and *E. L. Champlin,* for complainant.
*Esek Cowen* and *J. L. S. Roberts,* for defendant.

COLT, J. The defendant is charged with infringement of letters patent No. 253,661, dated February 14, 1882, granted to Joseph F. Baldwin, the complainant, for improvements in mangles. The invention consists of a mangle having a large heated smooth-faced polishing roll, around which are several feed-rolls with elastic coverings,

[1] Edited by Charles C. Linthicum, Esq., of the Chicago bar.

each of these feed-rolls having a greater surface velocity than that which precedes it. In former mangles the large roll was the feed-roll, and the surrounding small rolls were for ironing or polishing. In these machines the fabrics were ironed only at the point of contact of the small rolls with the fabric. Baldwin's efforts were directed towards utilizing the large feed-roll in the old mangles as a *polishing surface, so as to have a continuous polishing surface around the periphery of the large roll.* In his first patent, dated June 11, 1878, we find, for the first time, the large roll used for the purpose of polishing instead of feeding. The machine, however, constructed after this patent, appears to have proved a failure. The difficulty was soon afterwards overcome by simply giving a differential speed to the small rolls, by which means the fabric was prevented from wrinkling, and was held down upon the surface of the large roll. This feature is covered by Baldwin's second patent. The only material difference between the first Baldwin patent, not now in controversy, and the second Baldwin patent, the subject-matter of this suit, lies in giving a differential speed to the small rolls.

The serious question which meets us at the outset is whether this additional feature incorporated into Baldwin's second patent constitutes invention, in view of the prior state of the art. The defendant has introduced the Smith patent of August 10, 1875, and the prior Leonard and Delavan House machines, in which we find a differential speed in the small rolls. To be sure, these were the old class of machines in which the large roll was the feed-roll. The important fact, however, remains that giving differential speed to the small rolls was old at the time of Baldwin's second invention. To simply apply this old feature to the Baldwin mangle, as constructed under his first patent, would not, in our opinion, constitute invention, though the form of the result was somewhat different. The evidence goes to show that in experimenting with his first machine Baldwin speedily saw the remedy for the defect by the application of mechanism found in prior mangles. This did not involve the exercise of the inventive faculty. To persons skilled in the art, the remedy would have suggested itself.

This conclusion makes it unnecessary to consider the other questions raised. Bill dismissed.